UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW D. HALLASEY,

                          Plaintiff,                  **DECISION**
     v.                                                    **and**
                                                          **ORDER**
GEORGE AVERY, JR.,
COUNTY OF ERIE,
TIMOTHY B. HOWARD,                                    08-CV-86S(F)
ERIE COUNTY SHERIFF'S DEPARTMENT,
JOHN DOE(S) Deputy Sheriff(s) and/or Other
Employee(s) of Erie County and/or Erie County
Sheriff's Department, the identity and number
of whom is presently unknown,

                          Defendants.
_____

APPEARANCES:          CELLINO & BARNES, P.C.
                                  Attorneys for Plaintiff
                                  ROBERT A. SCALIONE, of Counsel
                                  2500 Main Place Tower
                                  350 Main Street
                                  Buffalo, New York   14202

                                  CHERYL A. GREEN
                                  ERIE COUNTY ATTORNEY
                                  Attorney for Defendants
                                  THOMAS F. KIRKPATRICK, JR.
                                  Assistant Erie County Attorney, of Counsel
                                  69 Delaware Avenue, Suite 300
                                  Buffalo, New York   14202


      In this action seeking compensatory and punitive damages based on Defendants' alleged violations of Plaintiff's civil rights while Plaintiff was in Defendant Avery's custody on January 9 and 10, 2007, Plaintiff moved, on December 9, 2008, to compel (Doc. No. 14) the following pursuant to Fed.R.Civ.P. 37(a): (1) disclosure of items requested in Plaintiff's First Request to Produce Documents and Things, (2) answers to

Plaintiff's First Set of Interrogatories, and (3) production of Defendant Avery's personnel records.  In their opposition, filed January 9, 2009, Defendants Erie County Sheriff's Department and Howard assert as grounds for refusing to produce Defendant Avery's personnel file that the personnel file is subject to protection under N.Y. Civ. Rights Law § 50-a, and that Plaintiff's request lacked relevancy to his claims.

At oral argument, conducted January 21, 2009, Plaintiff informed the court that Defendants' answers to Plaintiff's interrogatory requests have been received, rendering Plaintiff's motion to compel interrogatory answers moot.  Pursuant to Defendants' answers to Plaintiff's interrogatories, Plaintiff orally requested the production of additional documents: (1)  Defendant Erie County Sheriff's Department and Defendant Howard's Personnel Standards Division ("PSD") case files 00-28, 05-134, 05-139 and 07-03, and (2) Defendant Erie County Sheriff's Department and Defendant Howard's confidential case report detailing the investigation of the facts underlying Plaintiff's claims.  Plaintiff renewed his request for the production of Defendant Avery's personnel records kept by Defendant Erie County Sheriff's Department and Defendant Howard. Defendants objected to Plaintiff's document requests for the investigative files on the basis of lack of relevancy.   With the joint agreement of the parties, the court granted *in camera* review of these documents. *See Martin v. Lamb*, 122 F.R.D. 143, 147 (W.D.N.Y. 1988) (directing *in camera* review of documents withheld pursuant to N.Y. Civil Rights Law § 50-a); *King v. Conde*, 121 F.R.D. 180, 190 (E.D.N.Y. 1988) (approving *in camera* review of documents claimed to be subject to N.Y. Civil Rights Law § 50-a).

**Interrogatory Answers**

Prior to oral argument, Defendants provided Plaintiff with the identity of all requested documents. Therefore, Plaintiff's motion to compel Defendants answers to Plaintiff's First Set of Interrogatories is DISMISSED as moot.

**Plaintiff's Document Requests**

Plaintiff requests production of Defendant Avery's personnel file.  Based on its *in camera* review of the file, the court finds three personnel documents within the file should be produced as relevant to Plaintiff's claims.

(1)   Letter of Reprimand

Dated August 12, 2004, this letter reprimanded Defendant Avery for improper handcuffing and retention of a prisoner.  After review the court finds this document is relevant to Plaintiff's claims, and balancing Defendant's privacy interests against Plaintiff's need for the requested information, finds no basis for refusing production pursuant to N.Y. Civ. Rights Law § 50-a.  *See King,* 121 F.R.D. at 187 (court required to balance "interests favoring and opposing confidentiality" as to police personnel records); *Martin*, 122 F.R.D. at 148 (same).  Accordingly, Plaintiff's motion is GRANTED as it relates to this document.

(2)   Letter of Counsel

Following a complaint from a citizen asserting harassment, the chief of police services for the Erie County Sheriff's Department issued a letter of counsel to Avery, informing Avery that he had violated Erie County Sheriff's Department Policies and Procedures, General Order #89-21, III, A, Subdivision 2, "Unbecoming Conduct," in

connection with the complaint, and advised Avery to comply with all policies and procedures of the Erie County Sheriff's Department.  Based on its review, the court finds this letter of counsel relevant to Plaintiff's claims.  Further, the court's review reveals no ground for refusing production pursuant to N.Y. Civ. Rights Law § 50-a.  Accordingly, Plaintiff's motion is GRANTED as to this document.

      (3)    <u>Letter of Suspension</u>

On March 28, 2007, the Undersheriff of the Erie County Sheriff's Department issued this letter of suspension to Defendant Avery placing him on suspension without pay status as a result of criminal charges filed against him in connection with Plaintiff's claims.  Based on its review of this document, the court finds the letter of suspension relevant to Plaintiff's claims.  Further, the court's review reveals no reason to withhold production based on N.Y. Civ. Rights Law § 50-a.  Accordingly, Plaintiff's motion is GRANTED regarding this document.

As for all other documents in Defendant Erie County Sheriff's Department and Defendant Howard's personnel file for Defendant Avery, the court finds such to be irrelevant to Plaintiff's claims or entitled to protection under N.Y. Civ. Rights Law § 50-a.  Production of these documents is therefore DENIED.

**<u>Plaintiff's Document Request No. 3</u>**

Plaintiff moves to compel production of Defendant Erie County Sheriff's Office and Defendant Howard's record of complaints filed against Defendant Avery occurring before the instant case.  Prior to oral argument, conducted on January 21, 2009, Defendants identified to Plaintiff four of Defendant Erie County Sheriff's Department and Defendant

Howard's PSD complaints filed against Defendant Avery.  Plaintiff requests Defendant Erie County Sheriff's Department and Defendant Howard produce these PSD cases, specifically PSD files 00-28, 05-134, 05-159 and 07-03.

(1) <u>PSD Case No. 00-28</u>

This complaint based on Defendant Avery's on-duty conduct, filed on August 2, 2000, alleges that Defendant Avery harassed the complainant.  Defendant Erie County Sheriff's Department and Defendant Howard's investigation of this complaint revealed that Defendant Avery violated no Sheriff's Department Policy or Procedure.  However, based on its review, the court finds each page of this document is, nevertheless, relevant to Plaintiff's claims and, accordingly, Plaintiff's motion to this document is GRANTED.

(2) <u>PSD Case No. 05-134</u>

This citizen's complaint of off-duty conduct was filed on October 11, 2005. It alleges Defendant Avery, while employed by the Springville Police Department, sexually harassed complainant at her place of employment. As a result of their investigation into this matter, Defendant Erie County Sheriff's Department found Defendant Avery violated Erie County Sheriff's Departmental Policy and Procedure.  Based on its review of this document, the court finds each page of the report relevant to Plaintiff's claims.  Accordingly, Plaintiff's motion to produce directed to this document is GRANTED.

(3) <u>PSD Case No. 05-159</u>

This citizen's complaint regarding Defendant Avery's on-duty conduct while directing traffic following a local professional football game on November 27, 2005 states that Defendant Avery threw his flashlight at complainant's car, striking her vehicle.  Based on its review of this document, the court finds each page relevant to Plaintiff's

claims.  Accordingly, Plaintiff's motion is GRANTED for this document.

    (4)    <u>PSD Case No. 07-03</u>

This citizen's complaint of on-duty conduct of Defendant Avery alleges Defendant Avery hit complainant's vehicle with a flashlight while directing traffic on December 24, 2006.  The report also includes Defendant Avery's letter explaining the incident.  Upon its review of the submitted document, the court finds each page relevant to Plaintiff's claims, and Plaintiff's motion regarding this document is GRANTED.

Based on the foregoing, the court finds each page of the referenced PSD case files subject to production pursuant to Fed.R.Civ.P. 34(a).  Accordingly, Plaintiff's motion directed to these documents is GRANTED.

**Document Request No. 6**

Plaintiff requests that Defendant Erie County Sheriff's Department and Defendant Howard produce the confidential case report, CSR 07-07, prepared following Defendants' investigation of the facts of the underlying action.  This report provides details of Defendant Erie County Sheriff's Office's investigation of Defendant Avery's actions on January 9, 2007, the night of the alleged incident upon which Plaintiff's claims are based, including detailed testimony given by Avery to the investigators.  The report also discloses the conclusion of the Sheriff's Office's investigation, sustaining a complaint against Defendant Avery, for violation of Sheriff's Department General Order #89-12, "Prisoner Transport, Custody, & Treatment," section 4-B-6 of the Erie County Sheriff's Office Policy and Procedure arising out of Avery's conduct while transporting Plaintiff who was then in Avery's custody.  Based on its review of the submitted

documents, the court finds each page relevant to Plaintiff's claim.  However, the court's review revealed that item 7 found on page 3 of the file contains personal information protected under N.Y. Civ. Rights Law § 50-a.  Balancing Plaintiff's potential need for this information against the privacy interest sought to be protected by the state law, *see Martin*, 122 F.R.D. at 148; *King*, 121 F.R.D. at 187, with regard to this file,  Plaintiff's request is DENIED as to item 7 which shall be redacted, but GRANTED with regard to all other information in the file.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 14) is GRANTED in part and DENIED in part.   The court requests the parties advise the court immediately if either party intends to apply for a stay pending appeal pursuant to Fed.R.Civ.P. 71(a).  Otherwise, Plaintiff shall arrange to receive the documents found by the court as subject to production pursuant to Fed.R.Civ.P. 34(a) which are available at court's chambers at the U.S. Courthouse, 68 Court Street, Buffalo, New York.  Defendants shall arrange to take delivery of all remaining documents submitted for *in camera* review in connection with Plaintiff's motion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: January 29, 2008
      Buffalo, New York