UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTHEW D. HALLASEY,

        Plaintiff,

v.                                         **DECISION AND ORDER**

GEORGE A. AVERY, JR.,                08-CV-086S
COUNTY OF ERIE,
TIMOTHY B. HOWARD, and
ERIE COUNTY SHERIFF'S DEPARTMENT,

        Defendants.

1.     Plaintiff commenced this action on or about January 9, 2008, by filing a Summons and Complaint in New York State Supreme Court, County of Erie. He alleges that, while he was detained following an arrest, Defendant Avery committed battery and a sexual assault against him and Defendants violated his constitutional rights. Defendants removed the action to this Court on the ground that it contains claims over which the Court has original jurisdiction.

2.     There are three motions now before the Court: (1) Defendants' motion for summary judgment seeking dismissal of the Complaint in its entirety (Docket No. 33), (2) Plaintiff's motion, pursuant to Fed. R. Civ. P. 41(a)(2), for an order granting his request to voluntarily dismiss his third through twelfth causes of action (Docket No. 43),[1] and (3) Plaintiff's related motion to remand the remaining two claims to state court (Docket No. 45). Plaintiff filed his motions in lieu of a response to the summary judgment motion. (Docket No. 44.)

---

[1] Such an order would result in dismissal of all federal causes of action over which the Court has original jurisdiction.

3.     In a declaration opposing Plaintiff's motions, Defendants "respectfully request that this Court issue an order granting plaintiff's motion to voluntarily dismiss causes of action three through twelve of his complaint as against all defendants, as well as grant defendants' motion for summary judgment on causes of action one and two, as against the County of Erie and Sheriff Timothy Howard." (Docket No. 50 at 2.)  In short, it appears Defendants' sole purpose for "opposing" Plaintiff's motions is to obtain the dismissal of two of the four Defendants from the state law claims that will remain.  That effort is unavailing.

4.     Because Defendants do not oppose dismissal of Plaintiff's claims, and because they have pleaded no counterclaims that must be considered, Plaintiff's (Docket No. 43) Motion to Voluntarily Dismiss the Third through Twelfth Causes of Action is GRANTED.

5.     Defendants ask that this Court go on to consider the portion of their summary judgment motion seeking dismissal of the first and second causes of action as against two of the Defendants.  As all of the federal claims have been dismissed, doing so would require this Court to exercise supplemental jurisdiction in a circumstance that is counter to well-settled precedent.  The United States Supreme Court has instructed that courts ordinarily should decline to exercise supplemental jurisdiction in the absence of federal claims.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state

claims should be dismissed as well.").

6. The Second Circuit shares this view; where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also, Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well."); Powell v. Gardner, 891 F.2d 1039, 1047 (2d Cir. 1989) ("in light of proper dismissal of the § 1983 claim against the County, the district court should have declined to exercise pendent jurisdiction over Powell's state-law claims against the County").

7. For the reasons stated, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and Defendants' related summary judgment motion. Accordingly, Plaintiff's (Docket No. 45) Motion to Remand the remainder of this case is GRANTED.

8. In accordance with the foregoing, the Clerk of the Court is directed to remand this case to New York State Supreme Court, County of Erie.

SO ORDERED.

Dated: March 29, 2011
        Buffalo, New York

                          /s/William M. Skretny
                          WILLIAM M. SKRETNY
                          Chief Judge
                          United States District Court